IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BART MAXWELL BISHOP,
    Petitioner,

v.                                Case No.  3:08cv466/MCR/CJK

EDWIN G. BUSS,[1]
    Respondent.
_____

ORDER and
REPORT AND RECOMMENDATION

    Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  (Doc. 1).  Respondent filed a response, submitting relevant portions of the state court record.  (Docs. 18, 19).  Petitioner filed a reply and supplemental argument.  (Docs. 24, 30).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  It is further the opinion of the undersigned that the pleadings and

---

[1]Edwin G. Buss succeeded Walter A. McNeil as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent.  Fed. R. Civ. P. 25(d).

attachments before the court show that petitioner is not entitled to relief, and that the petition is without merit and should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

On March 14, 2006, petitioner was found guilty by jury verdict of trafficking in methamphetamine in an amount 200 grams or more, but less than 400 grams (Count One) and possession of drug paraphernalia (Count Two), in the Circuit Court of Walton County, Florida, Case No. 04-CF-1184. (Doc. 1, p. 1; Doc. 19, Ex. E).[2] He was sentenced on April 18, 2006, to a 15-year minimum mandatory on Count One, and time served on Count Two. (Ex. F, pp. 13-14). Judgment was entered May 4, 2006. (Ex. E). Petitioner's convictions and sentences were affirmed on direct appeal on April 9, 2007. *Bishop v. State*, No. 1D06-2824, 954 So. 2d 29 (Fla. 1st DCA 2007) (Table) (copy at Ex. I).

On June 19, 2007, petitioner filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. K). The trial court denied relief summarily. (Ex. N). The appellate court affirmed without written opinion. *Bishop v. State*, No. 1D07-4642, 974 So. 2d 1070 (Fla. 1st DCA 2008) (Table) (copy at Ex. S). The mandate issued March 12, 2008. (Ex. T).

Petitioner filed this *pro se* habeas corpus petition on October 9, 2008. (Doc. 1). He challenges his convictions on two grounds: (1) there was insufficient evidence of possession to support his convictions and (2) trial counsel was ineffective for failing to move to suppress evidence found in the back of the pickup truck petitioner was driving. Respondent concedes the petition is timely, and that petitioner

---

[2]Hereafter, all references to exhibits will be to those provided at Doc. 19, unless otherwise noted.

exhausted his state court remedies with respect to both claims.  (Doc. 18, pp. 6, 14, 19).

## STANDARD OF REVIEW

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub. L. No. 104-132, § 104, 110 Stat. 1214, 1218-19. In relevant part, § 2254(d) provides:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (2006).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[3] The appropriate test was described by Justice O'Connor as follows:

---

[3] Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367-75, 390-99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and–except as to the footnote–Scalia) in part II (529 U.S. at 403-13).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412–13 (O'Connor, J., concurring).

Employing the *Williams* framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal state court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue. *Thaler v. Haynes*, — U.S. —, 130 S. Ct. 1171, 1173, 175 L. Ed. 2d 1003 (2010); *Bowles v. Sec'y for Dep't of Corr.*, 608 F.3d 1313, 1315 (11th Cir. 2010).

After identifying the governing legal principle(s), the court determines whether the state court adjudication is contrary to the clearly established Supreme Court case law. To pass muster, the state court decision need not cite to the Supreme Court precedent. *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 365, 154 L. Ed. 2d 263 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases – indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."). Only if the state court decision is contrary to clearly established federal law, must the federal

habeas court independently consider the merits of the petitioner's claim. *See Panetti v. Quarterman*, 551 U.S. 930, 127 S. Ct. 2842, 2858, 168 L. Ed. 2d 662 (2007).

If the state court decision is not contrary to clearly established federal law, the federal habeas court must next determine whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The federal court defers to the state court's reasoning unless the state court's application of the legal principle(s) was "objectively unreasonable" in light of the record before the state court. *Williams*, 529 U.S. at 409; *see Holland v. Jackson*, 542 U.S. 649, 652, 124 S. Ct. 2736, 2737-38, 159 L. Ed. 2d 683 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697 n.4, 122 S. Ct. 1843, 1851 n.4, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law). An objectively unreasonable application of federal law occurs when the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001). A state court may "decline to apply a specific legal rule that has not been squarely established by [the Supreme Court]" without running afoul of the "unreasonable application" clause. *Knowles v. Mirzayance*, — U.S.—, 129 S. Ct. 1411, 1419, 173 L. Ed. 2d 251 (2009). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, — U.S. —, 131 S. Ct. 770, 786-87, 178 L. Ed. 2d 624 (2011).

When faced with a state appellate court's summary affirmance of a trial court's decision, the "unreasonable application" standard focuses on the state court's ultimate conclusion, not the reasoning that led to it. *See Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011) (citing *Harrington*, 131 S. Ct. at 786). The federal court must determine what arguments or theories supported or could have supported the state court's decision, and then ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *See Harrington*, 131 S. Ct. at 786; *see also Gill*, 633 F.3d at 1292 (holding that the federal district court may rely on grounds other than those articulated by the state court in determining that habeas relief was not warranted, so long as the district court did not err in concluding that the state court's rejection of the petitioner's claims was neither an unreasonable application of a Supreme Court holding nor an unreasonable determination of the facts).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As with the "unreasonable application" clause, the Supreme Court applies an objective test. *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003) (holding that a state court decision based on a factual determination "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding"). The "unreasonable determination of the facts" standard is only implicated to the extent that the validity of the state

court's ultimate conclusion is premised on unreasonable fact finding. *See Gill*, 633 F.3d at 1292.

When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see, e.g., Miller-El*, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"). Neither the Supreme Court nor the Eleventh Circuit has interpreted how § 2254(d)(2) and § 2254(e)(2) interact in the context of fact-based challenges to state court adjudications. *Cave v. Sec'y for Dep't of Corr.*, 638 F.3d 739 (11th Cir. 2011). However, in a recent Eleventh Circuit decision the court declined to grant habeas relief under § 2254(d)(2), in the context of a state appellate court's summary affirmance, where it found that the validity of the state court decision was not premised on the trial court's unreasonable fact finding, and that the petitioner failed to demonstrate "by clear and convincing evidence that the record reflect[ed] an insufficient factual basis for affirming the state court's decision." *Gill*, F.3d at 1292.

Only if the federal habeas court finds that the petitioner satisfied AEDPA and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See Panetti*, 551 U.S. 930, 127 S. Ct. 2842, 2858. The writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C.

§ 2254(a). "If this standard is difficult to meet, that is because it was meant to be." *Harrington*, 131 S. Ct. at 786.

Within this framework, the court will review petitioner's claims.

## ANALYSIS

Ground 1

Petitioner claims his convictions for trafficking in methamphetamine and possession of drug paraphernalia violate his Fourth and Fourteenth Amendment rights because there was insufficient evidence that he possessed the drugs and drug paraphernalia. (Doc. 1, pp. 3-5). Petitioner exhausted his state court remedies with respect to this claim by moving for a judgment of acquittal at trial (ex. C, pp. 125-26, 171) and raising the issue on direct appeal (ex. G). *See also* Doc. 18, p. 14. The state appellate court summarily affirmed petitioner's convictions.

    A.    Clearly Established Federal Law

The Supreme Court has held, in the context of a state prisoner's challenge of the sufficiency of the evidence, that the "critical inquiry" is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89, 61 L. Ed. 2d 560 (1979), *overruled on other grounds by Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). The Supreme Court also held that this standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* at 324 n.16, 99 S.Ct. at 2792 n.16.

A federal habeas court reviewing a state criminal judgment for sufficiency of the evidence must presume the jury resolved any conflicting inferences arising from

the facts in favor of the State and against the defendant. *Id.*, 443 U.S. at 326, 99 S. Ct. at 2793 ("[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."). In other words, the court must defer to the judgment of the jury in assigning credibility to the witnesses and weighing the evidence. *Johnson v. Alabama*, 256 F.3d 1156, 1172 (11th Cir. 2001) (citing *Jackson*, 443 U.S. at 326). A reviewing court must also bear in mind that "the State is not required to rule out every hypothesis except that of the guilt of the defendant." *Id.*; *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2792-93 (rejecting the theory that the prosecution is under an affirmative duty to rule out every hypothesis except that of guilt beyond a reasonable doubt). Thus, "[t]he simple fact that the evidence gives some support to the defendant's theory of innocence does not warrant the grant of habeas relief." *Wilcox v. Ford*, 813 F.2d 1140, 1143 (11th Cir. 1987); *accord Carter v. Montgomery*, 769 F.2d 1537, 1542 (11th Cir. 1985) (holding that it is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt).

    B.    Federal Review of State Court Decision

With regard to the conviction for trafficking in methamphetamine, the only issue presented is whether petitioner knowingly sold, purchased, manufactured, delivered, brought into Florida, or possessed methamphetamine or a mixture containing methamphetamine. *See* § 893.135(1)(f)1.c., Fla. Stat. Similarly, with possession of drug paraphernalia in violation of section 893.147(1), Florida Statutes, the only element at issue is possession.

Florida law provides that possession can be actual or constructive. "Actual possession" exists "where a defendant has physical possession of contraband and knowledge of such possession." *State v. Williams*, 742 So. 2d 509, 511 (Fla. 1st DCA 1999). "Constructive possession exists where the accused without physical possession of the controlled substance knows of its presence on or about his premises and has the ability to maintain control over said controlled substance." *Hively v. State*, 336 So. 2d 127, 129 (Fla. 4th DCA 1976); *see Hargrove v. State*, 928 So. 2d 1254, 1256 n.3 (Fla. 2d DCA 2006) (noting that the 2002 enactment of section 893.101(2), Florida Statutes, eliminated the requirement to show the defendant's knowledge of the illicit nature of the contraband to prove constructive possession of contraband, but allowed an affirmative defense of lack of knowledge of illicit nature). "If the contraband is found to be in an area, structure, vehicle, etc., which is within the exclusive possession of the accused, the accused's guilty knowledge of the presence of the contraband, together with his ability to maintain control over it, may be inferred." *Smith v. State*, 776 So. 2d 957, 959 (Fla. 3d DCA 2000); *State v. Williams*, 742 So. 2d at 512 ("Knowledge of possession may be presumed or inferred where the State offers evidence of actual possession or exclusive constructive possession.").

Petitioner concedes "there was a camouflage bag containing a portable meth lab and a weighing scale in the back of the pickup truck being driven by petitioner at the time of his arrest." (Doc. 24, p. 2). The trial record, viewed in the light most favorable to the State and the jury's verdict, reveals more evidence from which a rational trier of fact could find petitioner had exclusive constructive possession of the methamphetamine and drug paraphernalia. (Ex. C, pp. 33-42, 54-57, 155).

There was testimony that:

- the drugs and drug paraphernalia were found in a camouflage bag located in the bed of the pickup truck petitioner was driving at the time he was stopped by Deputy Weitzel,
- petitioner was driving the truck and was its sole occupant,
- when asked about the truck's ownership, petitioner told Deputy Weitzel he purchased the truck from someone,
- petitioner had the keys to the truck,
- the truck had been on petitioner's property and in his possession for a week prior to the stop and
- petitioner was seen driving the truck on other occasions.

At trial, Mr. Till, a friend of petitioner's who arrived on the scene after petitioner was stopped, was shown a picture of the pickup truck and asked whose truck it was. Mr. Till responded, "I know it's Bart's [petitioner's]." (Ex. C, p. 56). The State presented the following additional evidence with regard to the camouflage bag:

- the camouflage bag was in the bed of the truck when Deputy Weitzel stopped the truck, and the bag remained in the truck bed until (and after) Weitzel searched the bag and found the drugs and drug paraphernalia,
- there were deputies standing at the truck watching Mr. Till (who had been asked to remove some of petitioner's personal items from the truck in anticipation of it being towed and impounded) the entire time Mr. Till was near the truck,

- Mr. Till did not place the camouflage bag in the truck,
- the camouflage bag was located near other items which petitioner identified as his personal items.

Based on this evidence, a rational trier of fact could find, beyond a reasonable doubt, that petitioner had exclusive possession and control of the truck and camouflage bag. From these findings, a rational trier of fact could infer, consistent with Florida law, that petitioner knew of the presence of the methamphetamine and drug paraphernalia, and had the ability to control these items. This is especially true where petitioner's clothing had a strong chemical odor similar to that found when one has just finished cooking in a meth lab.

Petitioner's argument that the state court's denial of relief involved an unreasonable application of federal law is premised upon a view of the evidence in the light most favorable to him, assigning credibility and resolving conflicting inferences in his favor, not the prosecution's. That is inconsistent with the rule of *Jackson*. Consistent with, and indeed required by, *Jackson*, the habeas court must presume that the jury believed the prosecution's witnesses and resolved all conflicting inferences arising from the evidence in the prosecution's favor and against petitioner. Under that framework, the state court quite reasonably found sufficient evidence of possession to sustain petitioner's convictions.

Petitioner has not shown that the state court's denial of relief on this claim was contrary to, or involved an unreasonable application of, *Jackson v. Virginia*. Nor has petitioner shown that the state court's decision was premised on an unreasonable determination of the facts. Therefore, he is not entitled to federal habeas relief.

Ground Two

Petitioner claims trial counsel was ineffective for failing to move to suppress the evidence (methamphetamine and drug paraphernalia) seized from the truck bed during Deputy Weitzel's warrantless search. (Doc. 1, pp. 5-7). Petitioner exhausted his state court remedies with respect to this claim by presenting it in his motion for postconviction relief (ex. K), and in his appeal to the Florida First District Court of Appeal (ex. O). *See also* Doc. 18, p. 19. The trial court denied relief without an evidentiary hearing. The state appellate court summarily affirmed.

    A.    Clearly Established Federal Law

"A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "First, the defendant must show that counsel's performance was deficient[,]" which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* "Second, the defendant must show that the deficient performance prejudiced the defense[,]" which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* "To obtain relief where an ineffective assistance claim is based on trial counsel's failure to file a timely motion to suppress, a petitioner must prove (1) that counsel's representation fell below an objective standard of reasonableness, (2) that the Fourth Amendment claim is meritorious, and (3) that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Zakrzewski v.*

*McDonough*, 455 F.3d 1254, 1260 (11th Cir. 2006) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 375, 106 S. Ct. 2574, 2582-83 (1986)).

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485, 176 L. Ed. 2d 284 (2010). "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 131 S. Ct. at 788. As the *Harrington* Court explained:

> The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id*. (citations omitted).

    B.    Federal Review of State Court Decision

The Rule 3.850 court denied relief on petitioner's claim, concluding that a motion to suppress would not have been successful because the record conclusively established (1) the search of the pickup truck and subsequent seizure of the evidence from the back of the truck were incident to a lawful arrest, (2) the search was a valid inventory search and (3) the hypothetical motion would have been denied by the trial court. (Ex. N, pp. 4-6). The state appellate court summarily affirmed. (Ex. S).

The Supreme Court (not surprisingly) has not addressed a claim precisely like petitioner's, nor has it ruled on a "materially indistinguishable" set of facts. Therefore, the "contrary to" prong of the AEDPA standard is not implicated.

Petitioner fails to meet the "unreasonable application" prong of § 2254(d)(1), because, given the findings of the state court, a reasonable attorney could have certainly decided to forgo filing a motion to suppress in the circumstances here. The search was conducted by Deputy Weitzel. Weitzel observed petitioner driving a small extended cab pickup truck, and suspected his license had been suspended. As petitioner began turning into a friend's driveway, she stopped him. After confirming petitioner's license was suspended, Weitzel arrested petitioner and placed him in the back of her patrol car. After placing him there, she noticed petitioner had a strong smell of a chemical odor on his clothing. Petitioner's friend (Mr. Till) came out of the house and approached Weitzel's car. Because the pickup truck was going to be towed and impounded, and there were several personal items lying in the open bed of the truck, Weitzel asked petitioner if a few things could be removed to prevent them from either falling out during towing or being stolen from the impound lot. Petitioner agreed and asked Mr. Till to take his tools and other items out of the truck. With Deputy Weitzel's approval, Mr. Till removed a tree stand and tool bag or belt. There was a camouflage bag lying in the same area of the truck bed. When Mr. Till approached the truck to remove more items, Deputy Weitzel stopped him because she had not had a chance to look inside the bag. When she opened the bag, she discovered the methamphetamine and drug paraphernalia.

A reasonable attorney at the time of petitioner's trial (2006) could conclude that a motion to suppress was meritless, because the search was incident to petitioner's arrest. *See Arizona v. Gant*, — U.S. —, 129 S. Ct. 1710, 1718, 173 L. Ed. 2d 145 (2009) (recognizing that its decision in *New York v. Belton*, 453 U.S. 454, 101

S. Ct. 1860, 69 L. Ed. 2d 768 (1981), "has been widely understood to allow a vehicle search incident to the arrest of a recent occupant even if there is no possibility the arrestee could gain access to the vehicle at the time of the search"). Although the Court in *Gant* rejected that broad reading of *Belton* and held that *Belton* does not authorize a vehicle search incident to a recent occupant's arrest after the arrestee has been secured and cannot access the interior of the vehicle, petitioner's trial counsel cannot be deemed ineffective for failing to predict that change in the law. *United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001) ("In this circuit, we have a wall of binding precedent that shuts out any contention that an attorney's failure to anticipate a change in the law constitutes ineffective assistance of counsel."); *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) ("We have held many times that '[r]easonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop.'") (citations to three other Eleventh Circuit decisions omitted); *Thompson v. Wainwright*, 787 F.2d 1447, 1459 n.8 (11th Cir. 1986) ("[D]efendants are not entitled to an attorney capable of foreseeing the future development of constitutional law."). Further, although petitioner did not have access to the truck bed, his friend did, and was removing items from it.

A reasonable attorney could also have concluded that the search was a valid inventory search. *See South Dakota v. Opperman*, 428 U.S. 364, 96 S. Ct. 3092, 49 L. Ed. 1000 (1976) (holding that law enforcement is entitled to do an inventory search to secure valuable items (such as might be kept in a towed car), and to protect against false claims of loss or damage). Because petitioner has not shown that the state court

unreasonably applied *Strickland*–that its denial of relief on this claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement," *Harrington*, 131 S. Ct. at 786-87, he is not entitled to federal habeas relief.

To the extent petitioner claims he was denied his Fourteenth Amendment rights in the state collateral proceeding due to the trial court's denial of his motion to amend and the court's failure to hold an evidentiary hearing, (doc. 1, p. 7), such claim does not warrant federal habeas relief. It is well established in the Eleventh Circuit that a prisoner's challenge to the process afforded him in a state postconviction proceeding does not constitute a cognizable claim for habeas corpus relief. This is so, because such a claim represents an attack on a proceeding collateral to the prisoner's confinement and not the confinement itself. *Carroll v. Sec'y, DOC, Fla. Attorney Gen.*, 574 F.3d 1354, 1366 (11th Cir. 2009) (habeas petitioner's claim that the state court violated his due process rights when it summarily denied his postconviction claim without an evidentiary hearing, did not state a claim on which a federal court may grant habeas relief); *Quince v. Crosby*, 360 F.3d 1259, 1261-62 (11th Cir. 2004) (explaining that "while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief"); *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987) (holding that habeas petitioner's claim that errors in Rule 3.850 proceeding violated his right to due process did not state a basis for habeas relief because the claim "[went] to issues unrelated to the cause of petitioner's detention").

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Therefore, it is recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

The clerk shall change the docket to reflect that Edwin G. Buss has been substituted as respondent in this cause.

And it is respectfully RECOMMENDED:

1.   That the petition for writ of habeas corpus (doc. 1), challenging the conviction and sentence in State of Florida v. Bart Maxwell Bishop in the Circuit Court of Walton County, Florida, Case No. 04-CF-1184, be DENIED, and the clerk be directed to close the file.

2.   That a certificate of appealability be DENIED.

At Pensacola, Florida this 9th day of June, 2011.

*/s/ Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).